UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DONTIE S. MITCHELL,

                      Plaintiff

-vs-

NEW YORK STATE DEPARTMENT OF
CORRECTIONAL SERVICES, et al.,

                      Defendants

DECISION AND ORDER

06-CV-6278 CJS

_____

INTRODUCTION

This is an action, pursuant to 42 U.S.C. § 1983 brought by plaintiff Dontie Mitchell ("Plaintiff"), a prison inmate in the custody of the New York State Department of Correctional Services ("DOCS"), against DOCS and various DOCS employees.  Now before the Court are three motions (Docket Nos. [#17][#21][#24]) to dismiss the Amended Complaint [#10] in this action.  For the reasons that follow, the applications are granted in part and denied in part.

BACKGROUND

On June 7, 2006, Plaintiff commenced this action.  Plaintiff's Complaint [#1] purported to state seven causes of action.  Specifically, the Complaint alleged the following: 1) DOCS's inmate grievance program is ineffective and unfair generally, and in addition, defendants Glenn Goord ("Goord"), Michael McGinnis ("McGinnis") and Joseph Cieslak ("Cieslak") used the grievance program to deny him access to the court; 2) DOCS's disciplinary system is unfair; 3) DOCS's disciplinary rule 105.12 targeting gang-related activities is unconstitutionally vague and violates inmates' right to free expression and association; 4) DOCS facilities are unsafe and psychologically harmful

1

to inmates because of staff violence and intimidation; 5) Staff at Southport Correctional Facility ("Southport") misuse mechanical restraints (handcuffs and waist-chains); 6) Southport's mailroom supervisor routinely interferes with inmates' right to send and receive mail; and 7) DOCS refuses to accommodate the religious dietary needs of members of the Nation of Islam ("NOI").   The Complaint purported to state claims on behalf of Plaintiff and "individual prisoners similarly situated."  Along with his Complaint, Plaintiff submitted an application to proceed in forma pauperis [#2].

On October 7, 2006, the Honorable John T. Elfvin, United States District Judge, issued a Decision and Order [#8] granting Plaintiff's application to proceed in forma pauperis.  Judge Elfvin also reviewed Plaintiff's Complaint pursuant 28 U.S.C. § § 1915(e)(2)(B) and 1915A(a), and dismissed all but Plaintiff's first cause of action, brought on his own behalf.  In that regard, Judge Elfvin determined that Plaintiff's first claim stated a cause of action against Goord, McGinnis and Cieslak. (Decision and Order [#8] at 4) ("Plaintiff alleges that [Goord, McGinnis and Cieslak] violated his First Amendment right to seek redress and effectively deny him access to Court by implementing and manipulating grievance policies. . . . [This] claim is sufficient to go forward as pleaded with respect to plaintiff on his own behalf.").  Judge Elfvin dismissed the remaining claims, with leave to amend, finding that with regard to those claims Plaintiff had "not established that he himself suffered or [was] about to suffer any of the complained-of injuries or constitutional violations." (*Id.*).   Judge Elfvin granted Plaintiff until December 4, 2006 to file an amended complaint and directed Plaintiff to "include allegations that demonstrate his personal stake in the claims.  For example, Plaintiff should inform the Court if he himself is a member of the Nation of Islam and to what

extent he has experienced the complained-of treatment." (*Id*. at 5).¹  The Decision and Order stated that unless Plaintiff filed a satisfactory amended complaint on or before December 4, 2006, his claims would be dismissed with prejudice.  The Decision and Order also dismissed all claims brought on behalf of other inmates, since Plaintiff was proceeding *pro se*, and since he had not alleged that the complained-of conduct affected him personally. (*Id*.).

On December 6, 2006, Plaintiff filed an Amended Complaint [#10], which again purported to state seven separate causes of action.  Specifically, the Amended Complaint alleged the following: 1) DOCS Inmate Grievance Program is unfair and ineffective; 2) DOCS staff misuse the prison disciplinary system to harass inmates; 3) DOCS provides an unsafe and psychologically damaging living environment; 4) DOCS employees misuse mechanical restraints; 5) Southport's mail room Supervisor violates DOCS rules concerning inmate mail; 6) DOCS denies inmates belonging to the NOI religion a diet that conforms with their beliefs; and 7) Officials at Southport denied Plaintiff religious meals on two occasions.  Plaintiff again purported to assert claims on behalf of similarly situated inmates.  Along with the Amended Complaint, Plaintiff filed an application [#11] for class certification and for appointment of counsel.

On May 14, 2007, the Court issued a Decision and Order [#12] directing that Plaintiff's individual claims could proceed, and dismissing the class claims without prejudice.  With regard to Plaintiff's individual claims, the Court stated the legal

---

¹The Decision and Order appears to contain a typographical error, since it recites that Plaintiff asserted a total of "five separate claims," when in fact he asserted seven separately-numbered claims. Nevertheless, it appears that the Decision and Order considered all seven claims, since, for example, it discussed the seventh claim concerning the NOI dietary claim.

3

standard as follows:

> Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of the amended complaint. In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See, King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate 'unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

(Decision and Order [#12] at 2). The Court then applied the standard and found that all of the causes of action stated claims and could not be dismissed. (*Id*. at 2-3). In other words, the Court held that the Amended Complaint complied with the directions contained in the Court's previous Decision and Order.

Defendants subsequently filed the subject motions to dismiss [#17][#21][#24], which seek to dismiss all but Plaintiff's fifth cause of action.[2] Defendants first contend that this action should be dismissed because Plaintiff failed to file the Amended Complaint on or before December 4, 2006, as directed by the Court. Alternatively, Defendants contend that the claims lack specificity. Defendants further maintain that any claims against the State of New York, and any claims for money damages against individual defendants in their official capacities, are barred by the Eleventh Amendment. Defendants Goord, Lucien Leclaire ("Leclaire") and T. Brousseau ("Brousseau") also maintain that the Complaint fails to allege that they were personally involved in any constitutional violation.

---

[2] Defendants concede that the fifth cause of action, against defendant K. Washburn, states a claim for which relief can be granted. *See*, Defendants' Reply Memo of Law [#30] at 1, n. 1.

4

DISCUSSION

Defendants' motions are brought pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). With regard to the Rule 12(b)(1) application, it is well settled that,

> [a] case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court ... may refer to evidence outside the pleadings. A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.

*Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir.2000) (citations omitted). The law with regard to Eleventh Amendment immunity is similarly clear:

> The Eleventh Amendment prohibits the "Judicial power of the United States" from extending to "any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. This jurisdictional bar also immunizes a state entity that is an "arm of the State," *see Northern Ins. Co. of N.Y. v. Chatham County, Ga.*, 547 U.S. 189, 126 S.Ct. 1689, 1693, 164 L.Ed.2d 367 (2006), including, in appropriate circumstances, a state official acting in his or her official capacity, *see Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).
>
> ***
>
> State sovereign immunity is not absolute. Congress by statute may abrogate state immunity and subject the states to suit, provided that, first, its intention to do so is "unequivocally expressed" in the statutory language and, second, the legislation is enacted "pursuant to a valid grant of constitutional authority." *Tennessee v. Lane*, 541 U.S. 509, 517, 124 S.Ct. 1978, 158 L.Ed.2d 820 (2004); *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000). A state also may waive its Eleventh Amendment immunity-for example, by voluntarily invoking federal jurisdiction, as when the state itself brings a federal suit or removes a case from state to federal court. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 618-20, 624, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002); *In re Charter Oak Assocs.*, 361 F.3d 760, 767-70 (2d Cir.2004). Moreover, under the venerable doctrine of *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), a plaintiff may sue a state official

> acting in his official capacity-notwithstanding the Eleventh Amendment-for "prospective injunctive relief" from violations of federal law. *See Edelman*, 415 U.S. at 677, 94 S.Ct. 1347; *Henrietta D. v. Bloomberg*, 331 F.3d 261, 287-88 (2d Cir.2003).

*In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007). Moreover,

> [i]n determining whether an entity is an arm of a state, six factors are initially considered. *See Mancuso v. N.Y. State Thruway Auth.*, 86 F.3d 289, 293 (2d Cir.1996). . . . They are: (1) how the entity is referred to in its documents of origin; (2) how the governing members of the entity are appointed; (3) how the entity is funded; (4) whether the entity's function is traditionally one of local or state government; (5) whether the state has a veto power over the entity's actions; and (6) whether the entity's financial obligations are binding upon the state. *Mancuso*, 86 F.3d at 293. If these factors point in one direction, the inquiry is complete. If not, a court must ask whether a suit against the entity in federal court would threaten the integrity of the state and expose its treasury to risk. *Id*. If the answer is still in doubt, a concern for the state fisc will control. *Hess v. Port Auth. Trans-Hudson Corp.*, 513 U.S. 30, 48-49, 115 S.Ct. 394, 130 L.Ed.2d 245 (1994) (*quoting Feeney [v. Porth Authority Trans-Hudson Corp.]*, 873 F.2d [628,] 631, with approval).

*McGinty v. New York*, 251 F.3d 84, 95-96 (2d Cir. 2001). With regard to this analysis, "the governmental entity invoking the Eleventh Amendment bears the burden of demonstrating that it qualifies as an arm of the state entitled to share in its immunity." *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 237 (2d Cir. 2006).

Applying the foregoing legal principles to Plaintiff's Amended Complaint, it is clear that the claims against DOCS are barred by the Eleventh Amendment. *See, Davis v. New York*, 316 F.3d 93, 101 (2d Cir. 2002) (Holding that claims against DOCS were "barred by the Eleventh Amendment."). Moreover, to the extent that Plaintiff may be

suing the individual defendants in their official capacities to recover money damages,[3] such claims are also barred, although any "claims for declaratory and injunctive relief and damages against defendants, in their individual capacities" are not barred. *Id*.

Defendants are also moving to dismiss pursuant to FRCP 12(b)(6). As recently clarified by the U.S. Supreme Court, the standard to be applied to a 12(b)(6) motion is clear:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, No. 05-1126, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007); *see also*, *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'") (quoting *Bell Atl. Corp. v. Twombly*) (footnote omitted); *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (Indicating that *Bell Atl. Corp. v. Twombly* adopted "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible[,]" as opposed to merely conceivable.) When applying this

---

[3] It appears that Plaintiff understands that he may only recover damages from Defendants in their individual capacities. *See*, Amended Complaint ¶ 168.

standard, a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999).[4]

Defendants maintain that some of Plaintiff's claims are barred by the applicable statute of limitations, which, for claims brought under 42 U.S.C. § 1983, is three years. Specifically, Plaintiff's Third Cause of Action alleges injuries which occurred in 2001 and 2002 (Amended Complaint ¶ ¶ 101-104), and his Fourth Cause of Action alleges injuries that occurred in 2002 (*Id.* at ¶ ¶ 121-122, 126).  As discussed earlier, Plaintiff commenced this action on June 7, 2006.  In response to Defendants' motions to dismiss, Plaintiff has not addressed the statute of limitations arguments.  Accordingly, the Court finds that the incidents described in paragraphs 101-104, 121-122 and 126 of the Amended Complaint are time-barred.

Brousseau also contends that the Amended Complaint fails to state a claim against her, since it does not allege that she was personally involved in a constitutional violation against Plaintiff.  The legal principles applicable to claims brought pursuant to 42 U.S.C. § 1983 are well settled:

> In order to establish individual liability under § 1983, a plaintiff must show (a) that the defendant is a "person" acting "under the color of state law," and (b) that the defendant caused the plaintiff to be deprived of a federal

---

[4] "In considering a motion under Fed.R.Civ.P. 12(b)(6) to dismiss a complaint for failure to state a claim on which relief can be granted, the district court is normally required to look only to the allegations on the face of the complaint. If, on such a motion, matters outside the pleading are presented to and not excluded by the court, the court should normally treat the motion as one for summary judgment pursuant to Fed.R.Civ.P. 56. . . .  In certain circumstances, the court may permissibly consider documents other than the complaint in ruling on a motion under Rule 12(b)(6). Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered.  In addition, even if not attached or incorporated by reference, a document upon which the complaint solely relies and which is integral to the complaint may be considered by the court in ruling on such a motion." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (citations and internal quotation marks omitted).

> right. See, *e.g., Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Additionally, "[i]n this Circuit personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir.1977).
>
> \*\*\*
>
> An individual cannot be held liable for damages under § 1983 "merely because he held a high position of authority," but can be held liable if he was personally involved in the alleged deprivation. *See Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir.1996). Personal involvement can be shown by: evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference ... by failing to act on information indicating that unconstitutional acts were occurring. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir.1995).

*Back v. Hastings On Hudson Union Free Sch. Dist.*, 365 F.3d 107, 122, 127 (2d Cir. 2004). The Court finds that the Amended Complaint adequately alleges personal involvement by Brousseau as to the first cause of action. *See*, Amended Complaint ¶¶ 44, 47 ("While at Clinton, [Plaintiff] submitted a few grievances that have never been filed and supposedly turned up missing . . . . The truth is that Brousseau picks and chooses which grievances she is going to file and shreds those she is not, and she does so without notice to the prisoners who file them."). Accordingly, Brousseau's motion to dismiss for lack of personal involvement is denied.

Defendants Goord and Leclaire similarly maintain that the Amended Complaint fails to allege that they were personally involved in the alleged constitutional violations. In that regard, Goord and Leclaire are mentioned in the first, second, third and sixth causes of action. However, while personal involvement is necessary for an award of

money damages under Section 1983, it is not required for an award of declaratory or injunctive relief against a defendant in his official capacity. *See, Hall v. Marshall*, 479 F.Supp.2d 304, 318 (E.D.N.Y. 2007) ("[P]ersonal action by defendants individually is not a necessary condition of injunctive relief against state officers in their official capacity.") (citation omitted).  Moreover, to the extent that Plaintiff is alleging that Goord and Leclaire were personally involved in a constitutional violation, the Court finds that the *pro se* Plaintiff has satisfied the pleading requirements set forth above with regard to the first, second and third causes of action, although not with regard to the sixth cause of action, which appears to seek only declaratory and/or injunctive relief.

Defendants further contend that the entire Amended Complaint should be dismissed, since it was not filed by December 4, 2006, as directed by Judge Elfvin. Defendants are correct that the Amended Complaint was actually docketed by the Court on December 6, 2006.  However, the complaint itself is dated December 3, 2006, and presumably it was mailed to the Court on or about that same date.  Moreover, "[u]nder the 'mailbox rule,' a[n inmate's filing] is deemed filed on the date he delivers the application to the prison authorities for mailing." *See, Hicks v. LeClair*, No. 9:07-CV-0613 (JKS), 2008 WL 5432217 at *3, n. 1 (N.D.N.Y. Dec. 30, 2008) (citations omitted).  Defendants have not made any showing as to when the Amended Complaint was delivered to prison authorities for mailing.  Accordingly, Defendants' application to dismiss the complaint as untimely is denied.

Finally, to the extent that Defendants maintain, pursuant to FRCP 12(b)(6), that the remaining causes of action in the Amended Complaint fail to state a claim, the Court disagrees.

CONCLUSION

Defendants' applications (Docket Nos. [#17][#21][#24]) are granted in part and denied in part.  The applications are granted as follows: The claims against DOCS are dismissed; any claims for money damages against Defendants in their official capacities are dismissed; and the incidents described in paragraphs 101-104, 121-122 and 126 of the Amended Complaint are dismissed as time-barred.  Otherwise, the applications are denied.

    So Ordered.

Dated:    Rochester, New York
           January 26, 2009

ENTER:


 /s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge