UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DONTIE S. MITCHELL,

              Plaintiff,

v.

NEW YORK STATE DEPARTMENT
OF CORRECTIONAL SERVICES, et al.,

              Defendant.

DECISION & ORDER

06-CV-06278CJS

---

By order dated July 17, 2007, the above-captioned matter has been referred to the undersigned for the supervision of pretrial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). (Docket # 13).

*Pro se* plaintiff Dontie S. Mitchell ("Mitchell") has filed this lawsuit against defendants under 42 U.S.C. § 1983 for various alleged constitutional violations, including the misuse of mechanical restraints and improper denial of meals conforming to Mitchell's religious beliefs. (Docket # 10).

Currently pending before this Court are Mitchell's motions to serve written deposition questions and his fourth request for appointment of counsel. (Docket ## 68, 93).

I. **Leave to Take Written Depositions**

Mitchell has moved for leave to take written depositions of all defendants and unidentified inmate witnesses, pursuant to Rule 31 of the Federal Rules of Civil Procedure. (Docket # 68). Defendants oppose the motion on the basis that Mitchell has failed to present a

plan proposing a procedure for conducting the depositions, such as who will arrange for and pay the stenographer and other associated costs. (Docket # 81). In reply, Mitchell reasserts that he seeks to serve written deposition questions, to which he contends defendants may respond by affidavit or declaration. (Docket # 90). Further, Mitchell proposes to identify potential inmate witnesses by posting notices in various correctional facilities describing the nature of the instant action so that interested inmates may contact him. (*Id*.).

        Rule 31 of the Federal Rules of Civil Procedure provides that, except in certain limited circumstances, a party may without leave of court serve written deposition questions upon any party or witness not confined in prison. Fed. R. Civ. P. 31. The Rule requires, however, that an officer record the deposition and certify it. Fed. R. Civ. P. 31(b); 30(b)(5), (c)(3). As defendants note, Mitchell has failed to propose a plan addressing the method of recording the depositions, identifying an officer to conduct them or how the costs shall be borne. Accordingly, Mitchell's motion to serve written deposition questions upon defendants is denied without prejudice to renewal upon compliance with the requirements of Federal Rules of Civil Procedure 28, 30 and 31. *See Woodward v. Mullah*, 2009 WL 4730311, *5 (W.D.N.Y. 2009); *Beckles v. Artuz*, 2005 WL 702728, *2 (S.D.N.Y. 2005). Mitchell is further reminded, as he is likely aware, that other, less burdensome and costly methods of discovery are available to him, such as written interrogatories, which may be served upon parties pursuant to Federal Rule of Civil Procedure 33.

        Further, in order to depose any non-party inmate witnesses, Mitchell must seek leave of court and must demonstrate that the proposed deponents have relevant, discoverable information. Fed. R. Civ. P. 26(b), 30, 31. Here, Mitchell has not identified the inmates he seeks

to depose; therefore, he cannot show that the depositions sought are relevant. In addition, Mitchell must serve subpoenas in accordance with Federal Rule of Civil Procedure 45 and bear all associated costs. *See Woodward v. Mullah*, 2009 WL 4730311 at *5. Mitchell is cautioned that in order to serve subpoenas upon other inmates, he must follow the DOCS procedures for inmate-to-inmate contact. *See Murray v. Fischer*, 2009 WL 2843271, *2 (W.D.N.Y. 2009). Accordingly, Mitchell's motion to serve written depositions upon unidentified inmates is denied without prejudice to renewal upon a proper showing as discussed above.

## II. **Appointment of Counsel**

It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

    1.    Whether the indigent's claims seem likely to be of substance;

    2.    Whether the indigent is able to investigate the crucial facts concerning his claim;

    3.    Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

    4.    Whether the legal issues involved are complex; and

> 5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

As a threshold matter, the Court notes that Mitchell has been given leave to proceed *in forma pauperis*. (Docket # 8). The Court is unable to ascertain, however, at this stage of the litigation, whether his claims likely have merit. In any event, Mitchell has failed to demonstrate that his case is complex or that he will be unable to adequately litigate his claims without assistance of counsel. Rather, Mitchell's submissions to this Court, in this and other litigation, demonstrate his ability to both investigate the crucial facts of this matter and litigate the issues. In addition, the Court also notes that there is a limited number of local attorneys available to handle cases on a *pro bono* basis. *Cooper*, 877 F.2d at 172 ("every assignment of a

volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause."). Based on this review, plaintiff's motion for appointment of counsel **(Docket # 93)** is **DENIED** without prejudice at this time. It is plaintiff's responsibility, therefore, to retain an attorney or press forward with this action *pro se*.

**IT IS SO ORDERED.**

_s/Marian W. Payson_
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       August  25 , 2011