UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DONTIE S. MITCHELL,

                    Plaintiff                            DECISION AND ORDER

-vs-

                                                 06-CV-6278 CJS

NEW YORK STATE DEPARTMENT OF
CORRECTIONAL SERVICES, et al.,

                    Defendants

_____

INTRODUCTION

This is an action, pursuant to 42 U.S.C. § 1983 brought by plaintiff Dontie Mitchell ("Plaintiff"), a prison inmate in the custody of the New York State Department of Correctional Services ("DOCS")[1], against DOCS and various DOCS employees.  Now before the Court are three motions: 1) Plaintiff's motion to supplement his complaint and for summary judgment (Docket No. [#61]; 2) Plaintiff's motion to amend/correct his complaint [#62]; and 3) Defendants' cross-motion for summary judgment [#73].  For the reasons that follow, Plaintiff's motion to supplement is granted in part and denied in part, his motion for summary judgment is denied, his motion to amend is granted in part and denied in part, and Defendants' cross-motion for summary judgment, which is really just an opposition to Plaintiff's motion to supplement on the grounds of futility, is granted in part and denied in part.

BACKGROUND

On June 7, 2006, Plaintiff commenced this action.  On December 6, 2006, Plaintiff

_____

[1]After the motions were briefed, DOCS changed its name to New York State Department of Corrections and Community Supervision.

1

filed his Amended Complaint [#10], which states seven separate causes of action.

Specifically, it alleges the following claims: 1) the DOCS Inmate Grievance Program is

unconstitutional;[2] 2) DOCS staff misuse the prison disciplinary system to harass inmates;[3]

3) DOCS provides an unsafe and psychologically damaging living environment;[4] 4) DOCS

employees misuse mechanical restraints;[5] 5) Southport Correctional Facility's ("Southport")

mail room Supervisor violates DOCS rules concerning inmate mail;[6] 6) DOCS denies

inmates belonging to the Nation of Islam ("NOI") religion a diet that conforms with their

---

[2]Plaintiff maintains that the grievance program is dysfunctional and results in the violation of inmates' constitutional rights. He states that inmates who file grievances, including himself, are routinely retaliated against and pressured to drop their grievances by staff. He indicates that grievances against staff members are not properly investigated, and that Inmate Grievance Program Supervisors, such as defendant Cieslak, have refused to file his grievances. Overall, Plaintiff indicates that inmates faced with staff misconduct must either accept it or face retaliation if they file a grievance. Such retaliation allegedly often involves physical abuse, harassment, and the filing of false misbehavior reports.

[3]Plaintiff indicates that hearing officers often pressure inmates to admit to false misbehavior reports, by telling them that they will be found guilty in any event, but will receive lighter sentences if they plead guilty. In addition, he states that inmates who attempt to defend themselves against such charges are punished with heavier sentences. He also believes that black and hispanic inmates are punished more harshly than whites at disciplinary hearings.

[4]Plaintiff indicates that there is widespread physical and verbal abuse of inmates by DOCS staff, and that certain facilities, such as Attica and Southport, are notorious for such abuse. He indicates that corrections staff intimidate inmates and destroy their property, and that facilities have "beat down crews" to punish inmates. He also states that staff routinely attack inmates and then cover up the incidents by filing false misbehavior reports, and that staff enlist other inmates to carry out their attacks. He contends that within DOCS there is a gang-like mentality, and code of silence, in which staff feel free to act with impunity and supervisors cover up the abuse.

[5]Plaintiff complains about Southport's Progressive Inmate Movement System ("PIMS"), under which newly-transferred inmates are placed on Level 1, which involves them being placed in full mechanical restraints whenever they leave their cells. This involves them being handcuffed behind their backs, with a waist chain, even during periods of exercise. He also contends that staff intentionally apply the restraints in a painful manner.

[6]Plaintiff alleges that inmate mail is not supposed to be opened, read, or confiscated by mailroom staff, unless authorized by the facility superintendent, and that such authorization is not supposed to be given unless there is reasonable cause. He contends that, without such authorization, mailroom staff improperly opened his incoming and outgoing mail, particularly that involving the group Maoist Internationalist Movement ("MIM").

beliefs;[7] and 7) Officials at Southport denied Plaintiff religious meals on two occasions.[8]

On June 2, 2010, Plaintiff filed the subject motion for summary judgment and to supplement his complaint [#61].[9][10]  Specifically, the motion seeks to add a claim that Plaintiff's procedural due process rights were violated in connection with a Tier III disciplinary hearing that was conducted at Wende Correctional Facility ("Wende") between March 25, 2010 and April 7, 2010.  In addition, Plaintiff requests that he be granted summary judgment on an expedited basis on this new claim, so that he will not have to serve the disciplinary sentence.  Concerning this claim, on March 16, 2010, Plaintiff was charged with several infractions, including fighting with another inmate and pushing Corrections Officer Tschantre ("Tschantre") during the altercation.  Tschantre indicated that he did not believe that Plaintiff was trying to harm him, but that Plaintiff nevertheless pushed him while trying to get past him, to continue fighting with the other inmate.  The misbehavior reports were written by Tschantre and Corrections Officer Burns ("Burns").  Plaintiff admits that he was in an altercation with another inmate, but maintains that he was not fighting, and was merely attacked from behind.  Plaintiff further admits that he made physical contact with Tschantre, but maintains that he stumbled into Tschantre accidentally

---

[7]Plaintiff alleges that NOI members are not supposed to eat tuna, peanut butter, soy-based products, white rice, or white bread, and that the Religious Alternative Meals ("RAM") that DOCS makes available to NOI members are inadequate because they contain such foods.

[8]He maintains that on November 20, 2004, at Auburn Correctional Facility, and on January 25, 2005, at Southport, he was denied religious meals marking the EID Muslim celebration.

[9]This application also included a request for a temporary restraining order and preliminary injunctive relief, however, Plaintiff later withdrew those applications, as well as an earlier application for injunctive relief [#58]. *See*, Orders [#63] and [#71].

[10]As part of the motion, Plaintiff filed a "Supplemental Complaint," which just sets forth the information described above, and does not include the allegations contained in his Amended Complaint [#10].

after getting up from the floor.  Plaintiff's Tier III disciplinary hearing was conduct by

Corrections Captain Casaceli ("Casaceli").  Plaintiff alleges that Casaceli was biased and

prevented him from calling most of his requested witnesses.  Casaceli found Plaintiff guilty

and sentenced him to, *inter alia*, six months in the Special Housing Unit ("SHU").  Plaintiff

appealed, and Albert Prack ("Prack"), acting Director of Special Housing for DOCS, denied

his appeal.  Plaintiff also sought discretionary review from Superintendent Kirkpatrick

("Kirkpatrick") at Wende, but he denied that request.

Plaintiff subsequently commenced an Article 78 Proceeding in New York State

Supreme Court, Erie County, to review his disciplinary conviction. *See*, Article 78 Petition

[#73] at p. 117.  In the Article 78 petition, Plaintiff alleged the following: 1)  Burns and

Tsechantre filed false misbehavior reports against him; 2) his assigned assistant failed to

provide proper assistance in preparing for the hearing; 3) the hearing lasted longer than it

should have; 4) Casaceli denied him the right to call certain witnesses; and 5) Casaceli

was biased. *Id*. at 117-121.  Plaintiff alleged that because of those occurrences, he was

denied due process at the disciplinary hearing. *See, id*. at 120 (Indicating that Casaceli

denied him his rights in violation of *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963

(1974)). On October 5, 2010, the Honorable Christopher J. Burns, Supreme Court Justice,

denied the Article 78 application.  In that regard, Justice Burns characterized Plaintiff's

claims as follows: "Petitioner contends that the determinations at his hearing were

obtained in violation of lawful procedure or were arbitrary and capricious.  Specifically,

petitioner contends that he was not provided with the requested pre-hearing assistance

necessary and that the hearing officer was biased." *Id*. at 124-125.  Justice Burns denied

the petition, stating, "[I]t cannot be said that petitioner's hearing determination was made in

violation of lawful procedure or that the hearing determination was arbitrary and capricious." Docket No. [#73] at p. 125.

Plaintiff now seeks to include the same due process claim in this action.  In that regard, he seeks to include as defendants Tschantre, Burns, Casaceli, Prack, and Kirkpatrick.  As with his Article 78 proceeding, he maintains that Tschantre and Burns filed false misbehavior reports against him, that Casaceli violated his due process rights at the disciplinary hearing.  Moreover, he contends that Prack and Kirkpatrick violated his due process rights by failing to reverse his conviction. *See*, [#61] at 5 ("Defendant Capt. Casaceli was the Hearing Officer who denied me due process and impeded my defense by not allowing me to call my most essential witnesses.").

In addition to this due process claim, Plaintiff alleges that he was subjected to cruel and unusual punishment at Southport, while he was serving his disciplinary sentence. Specifically, he maintains that between May 11, 2010 and May 24, 2010, he "was left in tight mechanical restraints during his daily one hour recreation in a single-man cage at Southport."  In connection with that claim, he seeks to add Southport Superintendent Griffin ("Griffin") as a defendant, since he purportedly was aware of the abusive use of mechanical restraints.

As mentioned earlier, Plaintiff's summary judgment application seeks summary judgment on these new claims, on an expedited basis, annulling Casaceli's Tier III disposition, and awarding him money damages.  He also seeks summary judgment, granting a declaratory judgment that Southport's use of mechanical restraints is unconstitutional.

A short time after he filed the aforementioned motion [#61], on July 8, 2010, Plaintiff

filed the subject motion [#62] for leave to file a Second Amended Complaint, and for leave to join additional plaintiffs and defendants.[11]   Plaintiff indicates that the Proposed Second Amended Complaint "asserts four new claims and includes two new plaintiffs and ten more defendants."  In that regard, the proposed Second Amended Complaint includes the following new defendants: 1) Brian Fischer ("Fischer"), the current DOCS Commissioner; 2) Superintendent Paul Griffin ("Griffin"), who replaced McGinnis as Superintendent at Southport; 3) Dale Artus ("Artus"), Superintendent at Clinton Correctional Facility ("Clinton"); 4) Kathleen Washburn ("Washburn"), Senior Mailroom Clerk at Southport; 5) John Doe #1, who represents the individual who caused Plaintiff to miss his EID religious meal on November 20, 2004; 6) John Doe #2, who represents the individual who caused him to miss his EID religious meal on January 25, 2005; 7) T. Sticht ("Sticht"), Deputy Superintendent for Security at Wende; 8) Corrections Sergeant Scott ("Scott"); 9) Corrections Officer D. Wallace ("Wallace"); and 10) and Corrections Officer R.R. Smith ("Smith").[12]   Furthermore, the proposed Second Amended Complaint apparently also seeks to sue all of the Superintendents and Deputy Superintendents at the various DOCS prisons, who are not listed by name.

The Proposed Second Amended Complaint purports to state the following eleven claims, the first seven of which mirror the claims already asserted in the Amended Complaint [#10]: 1) Inadequate Grievance Program; 2) Arbitrary and Unconstitutional Misuse of Disciplinary Program; 3) Unsafe and Psychologically Damaging Environment; 4)

---

[11] The proposed Second Amended Complaint essentially re-works the Amended Complaint [#10], without including the aforementioned due process/mechanical restraint allegations contained in the Supplemental Complaint submitted along with motion [#61].

[12] Scott, Wallace, and Smith allegedly worked at Wende.

Abusive and Excessive Use of Mechanical Restraints [at Southport]; 5) Arbitrary Censorship of Inmate Mail, Photos, and Publications; 6) Failure to Accommodate Religious Diet of the NOI; 7) Denial of Religious Festival Meals; 8) Unconstitutionality of Prison Rules 105.13 and 105.14, which prohibit gangs and unauthorized organizations;[13] 9) Unconstitutionality of DOCS Grooming Policy Concerning Dreadlocks;[14] 10) Unconstitutionality of DOCS Policy Limiting Inmates to Attendance at Religious Services of Other Faiths;[15] and 11) Unconstitutionality of DOCS Policy of Serving Soy-Based Foods.[16]

The Proposed Second Amended Complaint also seeks to add two additional inmate plaintiffs, Joseph Hutchinson ("Hutchinson") and Maurice Jones ("Jones"), both of whom are confined at Southport.  In that regard, the proposed pleading states that Hutchinson and Jones are "also prisoners in the custody of DOCS and incarcerated at Southport." [#62] at 6.   The proposed pleading further states that Hutchinson and Jones are African Americans who want to wear their hair braided, though not for religious reasons, and are prohibited from doing so by DOCS rules (Proposed Second Amended Complaint ¶ ¶ 192-197).   Therefore, it appears that Hutchinson and Jones are attempting to intervene in this action with regard to the ninth claim in the Proposed Second Amended Complaint, concerning DOCS' grooming policy.  Hutchinson and Jones are not mentioned in the other ten causes of action.  Both Hutchinson and Jones have purportedly signed the proposed

---

[13]Plaintiff maintains that the restrictions on unauthorized organizations are used punish inmates for engaging in political activity which does not threaten safety or security.

[14]Plaintiff maintains that the policy against dreadlocks discriminates against African Americans and their culture.

[15]Plaintiff, who, in addition to being a member of NOI says that he is a "pantheist" "who embraces all religions," complains that inmates are only allowed to attend the religious services of a single religion.

[16]In addition to his objections to soy-based foods on religious grounds, Plaintiff maintains that soy-based foods are carcinogenic and otherwise harmful.

pleading.

On November 11, 2010, Defendants filed the subject cross-motion [#73] for summary judgment, in response to Plaintiff's summary judgment motion [#61].  The application is specifically directed at Plaintiff's "due process claim regarding the April 7, 2010 tier hearing," at which he was found guilty by Casaceli.  With respect to this claim, the motion seeks judgment on behalf of Tschantre, Burns, Casaceli, Prack, and Kirkpatrick.  Defendants' cross-motion also seeks dismissal, on behalf of Griffin, of the mechanical restraint cause of action, for failure to state a claim.  Def. Memo of Law [#79] at 15.

On November 12, 2010, Defendants also filed a response to Plaintiff's Motion to Amend [#62].[17]  In that regard, Defendants do not oppose the Proposed Second Amended Complaint, insofar as it asserts claims on behalf of Plaintiff, though they oppose the addition of Hutchinson and Jones as plaintiffs, and they further oppose Plaintiff's attempt to assert the claims as a class action.  Defendants also reserve their right to "pursue all defenses and affirmative defenses applicable to the proposed Second Amended Complaint and to oppose class action certification of this action." Bove Declaration [#77] at ¶ 2.  Defendants further indicate that they do not concede that the Second Amended Complaint contains "valid claims."  *Id.*   With regard to Hutchinson and Jones, Defendants indicate that they "have no involvement in Dontie Mitchell's claims and they are not entitled to any relief," and that their proposed claims "should be struck." [#77] at ¶ 5.

On November 30, 2010, the Court issued another order, setting further briefing

---

[17] Defendants' papers also contain a discussion of, and opposition to, Plaintiff's motion for class certification [#58].  However, Plaintiff has withdrawn that motion. See, Pl. Letter [#63].

deadlines and indicating that it would issue a written decision.

DISCUSSION

The Court will first consider Plaintiff's motion [#61] to supplement his complaint and for expedited summary judgment, and Plaintiff's cross-motion for summary judgment [#73]. To simplify matters, the Court treats Defendants' cross-motion as being an opposition to the motion to supplement, based on futility.  Courts must freely give leave to amend pleadings "when justice so requires." FRCP 15(a)(2).  Nevertheless, a "district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir.2009) (internal quotation marks omitted).  "A proposed amendment to a pleading would be futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Martin v. Dickson*, No. 03-7917, 100 Fed.Appx. 14, 16, 2004 WL 1205185 at *2 (2d Cir. Jun. 2, 2004) (unpublished).

Defendants maintain that Plaintiff cannot maintain the proposed due process claims, because he is collaterally estopped by Justice Burns's ruling in the Article 78 proceeding.  The Court agrees.  In that regard,  the doctrine of collateral estoppel "bars a party from relitigating an issue that has been resolved in a prior proceeding." *Colon v. Coughlin*, 58 F.3d 865, 869 (2d Cir. 1995).  Under the law of New York State, which the Court must apply in this instance,

> the doctrine of issue preclusion only applies if (1) the issue in question was
> actually and necessarily decided in a prior proceeding, and (2) the party
> against whom the doctrine is asserted had a full and fair opportunity to
> litigate the issue in the first proceeding. . . .  The party asserting issue
> preclusion bears the burden of showing that the identical issue was
> previously decided, while the party against whom the doctrine is asserted
> bears the burden of showing the absence of a full and fair opportunity to

litigate in the prior proceeding.

*Id*. (citations omitted).  In the instant case, Plaintiff's disciplinary hearing due process claims are barred by collateral estoppel, since those same issues were already addressed in the Article 78 proceeding, and there is no indication that Plaintiff had anything other than a full and fair opportunity to litigate the Article 78 action. *See, Giakoumelos v. Coughlin*, 88 F.3d 56, 59-62 (2d Cir. 1996).  In other words, Plaintiff cannot relitigate the issue of whether his due process rights were violated in connection with the disciplinary hearing conducted by Casaceli, since Justice Burns already found that no such violation occurred. In a submission [#99] dated October 14, 2010, Plaintiff contends that Justice Burns did not address the "specific issue of whether Captain Casaceli improperly denied my witnesses C.O.s McKeel and Carcatero."[18] Declaration at 1.  He further states:  "Judge Burns never ruled on my claim that Captain Casaceli violated my procedural due process rights. Indeed, my claim in my [Article 78] petition before Judge Burns was premised on Captain Casaceli violating *state* regulations." *Id*. (emphasis added).  However, the Court disagrees with those contentions.  First, as noted above, Plaintiff alleged, as part of the Article 78 proceeding, that the defendants violated state procedural rules, and also violated his federal due process rights, in contravention of *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974).[19]  In addition,  Plaintiff specifically claimed, in his petition, that Casaceli denied his request to call C.O. McKeel as a witness.[20]  In fact, Casaceli's denials of

---

[18]Casaceli denied the requests to call McKeel and Carcatero as witnesses on the grounds that there testimony would be redundant. *See*, hearing transcript at 32.

[19]In the six-page Article 78 petition, Plaintiff cited *Wolff v. McDonnell* five separate times.

[20]The Court does not see a reference to an Officer Carcatero in the petition.  Presumably, this is the officer who Plaintiff identified as "the officer posted in the elevated gas booth." Article 78 Petition at ¶ 18.  In a Witness Interview Notice dated April 7, 2010, Casaceli identified Carcatero as working in the gas booth.

Plaintiff's requests to call witnesses, due to his alleged bias, was the primary theme of the Article 78 petition.  Consequently, Plaintiff's contention that Justice Burns failed to consider those claims lacks merit.[21]

Furthermore, since the due process claims against Casaceli are barred by collateral estoppel, the claims against Prack and Kirkpatrick must also fall.  For the same reason, the claims against Tschantre and Burns, for filing false misbehavior reports, must be dismissed as futile.  *See, Livingston v. Piskor*, 153 Fed.Appx. 769, 771 (2d Cir. Oct. 26, 2005) (A claim that a corrections officer filed a false misbehavior report may go forward where the plaintiff has a due process claim); *see also, Freeman v. Rideout*, 808 F.2d 949 (2d Cir. 1986) (Holding that the filing of a false misbehavior report is not a *per se* constitutional violation under Section 1983).  Accordingly, Plaintiff's motion to supplement [#61] is denied as to his proposed new claims against Tschantre, Burns, Casaceli, Prack, and Kirkpatrick, and those claims are dismissed with prejudice.

On the other hand, Plaintiff's motion to supplement is granted with regard to the mechanical restraint claims, arising at Southport in May 2010. *See*, Motion [#61], Supplemental Complaint ¶ ¶ 30-35.  In that regard, although Defendants state, conclusorily, that such allegations fail to state a claim, the Court disagrees.  However, Plaintiff has not demonstrated that he is entitled to summary judgment on those claims,

---

[21] Plaintiff indicated that Casaceli denied his requests to call certain employee witnesses because he was biased.  Such claim did not involve the effectiveness of Plaintiff's assistant at the hearing, since he admits that the assistant provided him with the names of the employee witnesses who were in the messhall at the time of the incident. *See*, Article 78 Petition at ¶ 10; see also, hearing trascript at 20.  Consequently, to the extent that Plaintiff suggests that Justice Burns's comments regarding the assistant's inability to identify witnesses indicates that he misunderstood the nature of Plaintiff's claims, the Court disagrees.  Justice Burns indicated that he reviewed all of the submissions, and he specifically rejected Plaintiff's claim that Casaceli conducted the hearing in a biased manner, or that Plaintiff's conviction was "obtained in violation of lawful procedure." Justice Burns's Decision and Order at 1-2 ("[I]t cannot be said that petitioner's hearing determination was made in violation of lawful procedure[.]").

and to the extent that he is seeking such relief (*see*, Motion [#61]), it is denied at this time without prejudice.

As for Plaintiff's motion [#62] to file a Second Amended Complaint, Defendants do not oppose the application, except insofar as Plaintiff is attempting to assert class action claims and to add Hutchinson and Jones as Plaintiffs. The Court has already ruled that Plaintiff may not, at the present time, pursue a class action. *See*, Order [#12] (Denying motion for class certification without prejudice). As for Hutchinson and Jones, to the extent that they are attempting to intervene in this action, pursuant to FRCP 20, their application is denied. In that regard, the Proposed Second Amended Complaint says nothing about them, except that they are inmates at Southport, and, in connection with the proposed ninth cause of action, that they believe that DOCS's grooming policy is biased against African Americans. The pleading indicates Hutchinson was forced to cut his hair, and that Jones, who has dreadlocks, is afraid that he will be forced to cut his hair. Notably, the proposed pleading does not indicate that Plaintiff Mitchell has been forced to cut his hair, or that he wants to wear his hair braided, or that the allegedly unconstitutional grooming policy has personally affected him in any way. FRCP 20(1)(A) states that "[p]ersons may join in one action as plaintiffs if . . . they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all plaintiffs will arise in the action." FRCP 20(1) (West 2011). For the reasons discussed above, the proposed pleading does not indicate that Hutchinson or Jones meets the requirements for permissive joinder. Accordingly, Plaintiff's motion to amend [#62] is denied to the extent that he seeks to add Hutchinson and Jones as

Plaintiffs.

CONCLUSION

Plaintiff's motion [#61] is granted in part and denied in part, as follows:  His summary judgment motion is denied, and his motion to supplement is granted as to the Southport mechanical restraint claims against Griffin, but is otherwise denied.  The claims against Tschantre, Burns, Casaceli, Prack, and Kirkpatrick, arising from the March 2010 misbehavior reports and disciplinary hearing and appeals, are dismissed with prejudice. Plaintiff's motion to amend [#62] is granted in part and denied in part, as follows: The claims asserted by Hutchinson and Jones are dismissed, but the remaining claims may go forward.  Defendants' purported cross-motion for summary judgment [#73], which is really just an opposition to Plaintiff's motion to supplement on the grounds of futility, is granted in part and denied in part, as follows:  It is granted as to the due process and false misbehavior report claims, and denied as to the Southport mechanical restraint claim against Griffin, which will supplement the mechanical restraint claims in the Second Amended Complaint.

So Ordered.

Dated:      Rochester, New York
            September 28, 2011

                            ENTER:


                             /s/ Charles J. Siragusa
                            CHARLES J. SIRAGUSA
                            United States District Judge