UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DONTIE MITCHELL,

                    Plaintiff,

       -v-                                     DECISION AND ORDER

NEW YORK STATE DEPARTMENT OF
CORRECTIONAL SERVICES, et al.,

                                   06-CV-6278 CJS

                    Defendants.

---

The reader is presumed to be familiar with the facts of this case.  In that regard, the Court recently issued a lengthy Decision and Order (Docket No. [#100]) setting forth the facts of Plaintiff's claims in detail.  On October 11, 2011, the Court received a letter from Plaintiff, requesting that the Court issue a temporary restraining order and a preliminary injunction against officials at Great Meadow Correctional Facility ("Great Meadow"), where he is now confined.  Plaintiff states that such injunctive relief is necessary, because he intends to attempt to gather "declarations to use as evidence in this case" from other inmates, and he is concerned that he could be disciplined for doing so.  He further indicates that he has not made a request to Great Meadow's Superintendent for permission to gather the evidence he seeks, because he is afraid that he may face retaliation.

The standard to be applied when considering an application for preliminary injunctive relief is well settled:

> A party seeking a preliminary injunction ordinarily must show: (1) a likelihood of irreparable harm in the absence of the injunction; and (2) either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation, with a balance of hardships tipping decidedly in the movant's favor. When the movant seeks a 'mandatory' injunction-that is, as in this case, an injunction that will alter rather than maintain the status quo-[he] must meet the more rigorous standard of

demonstrating a 'clear' or 'substantial' likelihood of success on the merits.

*Doninger v. Niehoff*, 527 F.3d 41,47 (2d Cir. 2008) (citations omitted). A district court may

deny a motion for preliminary injunctive relief without a hearing, and its decision to do so is

reviewed for an abuse of discretion. *Wall v. Construction & Gen. Laborer's Union*, No.

036091, 80 Fed.Appx. 714, 2003 WL 22717669 at *1 (2d Cir. Nov. 17,2003). Violation of a

constitutional right is considered "irreparable harm." *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d

Cir.1996) ("The district court ... properly relied on the presumption of irreparable injury that

flows from a violation of constitutional rights."); *see also, Charette v. Town of Oyster Bay*,

159 F.3d 749, 755 (2d Cir.1998) ("In the context of a motion for a preliminary injunction,

violations of First Amendment rights are commonly considered irreparable injuries.") (citation

and internal quotation marks omitted). Moreover, "[t]o prevail on a motion for preliminary

injunctive relief, the moving party must establish a relationship between the injury claimed

in the motion and the conduct giving rise to the complaint." *Candelaria v. Baker*, No.

00-CV-0912E(SR), 2006 WL 618576 at *3 (W.D.N.Y. Mar. 10, 2006) (citation omitted);

*accord, Taylor v. Rowland*, No. 3:02CV229(DJS)(TPS), 2004 WL 231453 at *2-3 (D.Conn.

Feb. 2, 2004).

Here, Plaintiff's request for injunctive relief is speculative and premature.  Plaintiff

seeks injunctive relief based only on what he fears may happen in the future.  In addition,

the Court is aware the inmates routinely gather supporting affidavits from other inmates.

Accordingly, it is hereby

ORDERED, that Plaintiff's request for injunctive relief, dated October 6, 2011 and

received by the Court on October 11, 2011, is denied.  Moreover, as a result of the Court's

recent Decision and Order, which granted Plaintiff's motion to amend in part, there are new claims in this action and  new defendants who have not been served.  Accordingly, the Court will request the Honorable Marian W. Payson, the United States Magistrate Judge to whom this case is referred for all non-dispositive pretrial matters, to conduct a scheduling conference.

      So Ordered.

Dated:     October 19, 2011
             Rochester, New York

                       /s/ Charles J. Siragusa
                       CHARLES J. SIRAGUSA
                       United States District Judge