UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DONTIE MITCHELL,
                              Plaintiff,

-v-                                      DECISION AND ORDER

NEW YORK STATE DEPARTMENT OF
CORRECTIONAL SERVICES, et al.,
                                      06-CV-6278 CJS

                              Defendants.

INTRODUCTION

This is an action in which Plaintiff, a prisoner in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), alleges that defendants violated his federal constitutional rights. Now before the Court is an application by Plaintiff to amend his complaint and for preliminary injunctive relief (Docket No. [#104]). The application is denied.

BACKGROUND

The reader is presumed to be familiar with the facts of this case. In that regard, the Court recently issued a lengthy Decision and Order (Docket No. [#100]) discussing Plaintiff's claims. It is sufficient to note that Plaintiff is presently asserting the following eight claims: 1) DOCCS' Inmate Grievance Program is unconstitutional;[1] 2) DOCCS staff misuse the

---

[1] Plaintiff maintains that the grievance program is dysfunctional and results in the violation of inmates' constitutional rights. He states that inmates who file grievances, including himself, are routinely retaliated against and pressured to drop their grievances by staff. He indicates that grievances against staff members are not properly investigated, and that Inmate Grievance Program Supervisors, such as defendant Cieslak, have refused to file his grievances. Overall, Plaintiff indicates that inmates faced with staff misconduct must either accept it or face retaliation if they file a grievance. Such retaliation allegedly often involves physical abuse, harassment, and the filing of false misbehavior reports.

prison disciplinary system to harass inmates;[2] 3) DOCCS provides an unsafe and psychologically damaging living environment;[3] 4) DOCCS employees misuse mechanical restraints;[4] 5) Southport Correctional Facility's ("Southport") mail room Supervisor violates DOCCS rules concerning inmate mail;[5] 6) DOCCS denies inmates belonging to the Nation of Islam ("NOI") religion a diet that conforms with their beliefs;[6] 7) Officials at Southport denied Plaintiff religious meals on two occasions[7]; and 8) between May 11, 2010 and May 24, 2010, he "was left in tight mechanical restraints during his daily one hour recreation in a single-man cage at Southport."

---

[2] Plaintiff indicates that hearing officers often pressure inmates to admit to false misbehavior reports, by telling them that they will be found guilty in any event, but will receive lighter sentences if they plead guilty. In addition, he states that inmates who attempt to defend themselves against such charges are punished with heavier sentences. He also believes that black and hispanic inmates are punished more harshly than whites at disciplinary hearings.

[3] Plaintiff indicates that there is widespread physical and verbal abuse of inmates by DOCCS staff, and that certain facilities, such as Attica and Southport, are notorious for such abuse. He indicates that corrections staff intimidate inmates and destroy their property, and that facilities have "beat down crews" to punish inmates. He also states that staff routinely attack inmates and then cover up the incidents by filing false misbehavior reports, and that staff enlist other inmates to carry out their attacks. He contends that within DOCCS there is a gang-like mentality, and code of silence, in which staff feel free to act with impunity and supervisors cover up the abuse.

[4] Plaintiff complains about Southport's Progressive Inmate Movement System ("PIMS"), under which newly-transferred inmates are placed on Level 1, which involves them being placed in full mechanical restraints whenever they leave their cells. This involves them being handcuffed behind their backs, with a waist chain, even during periods of exercise. He also contends that staff intentionally apply the restraints in a painful manner.

[5] Plaintiff alleges that inmate mail is not supposed to be opened, read, or confiscated by mailroom staff, unless authorized by the facility superintendent, and that such authorization is not supposed to be given unless there is reasonable cause. He contends that, without such authorization, mailroom staff improperly opened his incoming and outgoing mail, particularly that involving the group Maoist Internationalist Movement ("MIM").

[6] Plaintiff alleges that NOI members are not supposed to eat tuna, peanut butter, soy-based products, white rice, or white bread, and that the Religious Alternative Meals ("RAM") that DOCCS makes available to NOI members are inadequate because they contain such foods.

[7] He maintains that on November 20, 2004, at Auburn Correctional Facility, and on January 25, 2005, at Southport, he was denied religious meals marking the EID Muslim celebration.

On or about April 10, 2011, Plaintiff filed a motion to further amend the complaint, and for injunctive relief. At that time, Plaintiff was housed at Auburn Correctional Facility ("Auburn"). Presently, he is confined at Great Meadow Correctional Facility ("Great Meadow"). Plaintiff has been at Great Meadow since in or about September 2011. Prior to that, Plaintiff was housed at Southport, where he was apparently serving a disciplinary sentence in the Special Housing Unit ("SHU"). Accordingly, it appears that Plaintiff was transferred from Auburn to Southport, and then from Southport to Great Meadow.

The instant motion indicates that in March 2011, Corrections Officers at Auburn confiscated a pamphlet from Plaintiff, which was the "Nduguship Guide published by the Ujaama Fraternal Dynasty (UFD)." Plaintiff contends that he was permitted to have the pamphlet, and that the officers could have confirmed that fact by consulting with the Facility Media Review Committee ("Media Review"). Instead, he maintains, the officers decided that the pamphlet was unauthorized. In addition, the officers searched Plaintiff's cell, and confiscated other "written materials, documents, and property," some of which pertained to UFD, and some of which did not. Subsequently, the officers issued Plaintiff a misbehavior report, for violating Rule 105.14, which relates to unauthorized organizations. At the disciplinary hearing, Plaintiff was found guilty, and sentenced to four months in the SHU and loss of privileges.

Plaintiff seeks to supplement his claims in this action with additional claims pertaining to these events at Auburn. Specifically, he seeks to add six new defendants and several new claims, including a claims that Rule 105.14 is unconstitutional as applied to him, and that the proposed new defendants violated his rights under the First, Fifth and/or Fourteenth Amendments. Plaintiff maintains that these proposed new claims are related to the existing

claims in this action, because they are "evidence of how widespread and systemic the issues raised in the . . . Second Amended Complaint are. Because of the issues raised in my first, second, and third claims in my Second Amended Complaint, what happened here is not atypical." In other words, Plaintiff contends that these new allegations pertain to his existing claims in which he seeks redress for an allegedly inadequate inmate grievance program, arbitrary and unconstitutional misuse of the disciplinary program, and the maintenance by DOCCS of an unsafe and psychologically damaging environment.

In addition to seeking to supplement his claims, Plaintiff also requests preliminary injunctive relief, barring DOCCS from forcing him to serve his four-month SHU sentence.

DISCUSSION

The standard to be applied when considering an application for preliminary injunctive relief is well settled:

> A party seeking a preliminary injunction ordinarily must show: (1) a likelihood of irreparable harm in the absence of the injunction; and (2) either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation, with a balance of hardships tipping decidedly in the movant's favor. When the movant seeks a 'mandatory' injunction-that is . . . an injunction that will alter rather than maintain the status quo-[he] must meet the more rigorous standard of demonstrating a 'clear' or 'substantial' likelihood of success on the merits.

*Doninger v. Niehoff*, 527 F.3d 41, 47 (2d Cir. 2008) (citations omitted). Violation of a constitutional right is considered "irreparable harm." *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir.1996) ("The district court ... properly relied on the presumption of irreparable injury that flows from a violation of constitutional rights."); *see also, Charette v. Town of Oyster Bay*, 159 F.3d 749, 755 (2d Cir.1998) ("In the context of a motion for a preliminary injunction, violations of First Amendment rights are commonly considered irreparable injuries.") (citation

and internal quotation marks omitted). Moreover, "[t]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *Candelaria v. Baker*, No. 00-CV-0912E(SR), 2006 WL 618576 at *3 (W.D.N.Y. Mar. 10, 2006) (citation omitted); *accord, Taylor v. Rowland*, No. 3:02CV229(DJS)(TPS), 2004 WL 231453 at *2-3 (D.Conn. Feb. 2, 2004).

In this case, Plaintiff's request for injunctive relief must be denied because it is not sufficiently related to the underlying claims in this action, and because it is moot, and accordingly the Court need not reach the merits of the application. The facts underlying the request for injunctive relief are essentially unrelated to the underlying facts of the claims in this action, except for the fact that they arise in the prison context. Moreover, it appears that Plaintiff has already served his disciplinary sentence, and the request for injunctive relief is therefore moot.

Plaintiff's motion to amend or supplement his claims in this action is also denied. In that regard,

> Rule 15(d) permits the court, upon motion of a party, to allow the filing of a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed.R.Civ.P. 15(d). Supplemental relief may include the addition of new defendants and new claims, if adequately related to the originally stated claims.

*Smith v. Haag*, No. O8-CV-6360CJS, 2009 WL 3073976 at *1 (W.D.N.Y. Sep. 22, 2009) (Payson, M.J.) (citations and internal quotation marks omitted). Supplemental pleadings are "limited to subsequent events related to the claim or defense presented in the original pleading." 3 MOORE'S FEDERAL PRACTICE 3d § 15.30 (2010). In the instant case, the proposed new claims arising at Auburn in March 2011 are not sufficiently connected to the

existing claims in this action to warrant their inclusion in a supplemental pleading in this action.

## CONCLUSION

Plaintiff's application [#104] to amend and for injunctive relief is denied.

So Ordered.

Dated:   November 2, 2011
         Rochester, New York

                                                  /s/ Charles J. Siragusa
                                                  CHARLES J. SIRAGUSA
                                                  United States District Judge