UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DONTIE S. MITCHELL,

                Plaintiff,

        v.

NEW YORK STATE DEPARTMENT
OF CORRECTIONAL SERVICES, et al.,

                Defendants.

DECISION & ORDER

06-CV-6278CJS

---

*Pro se* plaintiff Dontie S. Mitchell ("Mitchell") has filed this lawsuit against defendants under 42 U.S.C. § 1983 for various alleged constitutional violations. (Docket # 62). Specifically, as summarized in a recent decision by Judge Siragusa, Mitchell asserts the following claims: "1) DOCCS' Inmate Grievance Program is unconstitutional; 2) DOCCS staff misuse the prison disciplinary system to harass inmates; 3) DOCCS provides an unsafe and psychologically damaging living environment; 4) DOCCS employees misuse mechanical restraints; 5) Southport Correctional Facility's ("Southport") mail room Supervisor violates DOCCS rules concerning inmate mail; 6) DOCCS denies inmates belonging to the Nation of Islam . . . religion a diet that conforms to their beliefs; 7) Officials at Southport denied Plaintiff religious meals on two occasions; and 8) between May 11, 2010 and May 24, 2010, he 'was left in tight mechanical restraints during his daily one hour recreation in a single-man cage at Southport.'" (Docket # 106 at 1-2 (footnotes omitted)).

Currently pending before this Court are Mitchell's motions to compel responses to certain discovery requests and for leave to conduct various depositions or, in the alternative, for the appointment of counsel. (Docket ## 109, 124).

Mitchell filed the instant motion to compel on January 25, 2012. (Docket # 109). On February 2, 2012, defendants moved for summary judgment on all pending claims. (Docket # 111). On February 16, 2012, Mitchell cross-moved to amend his complaint in order "to correct the deficiencies" that defendants identified in their summary judgment motion. (Docket # 121 at 3). Defendants oppose Mitchell's discovery motions. Specifically, defendants contend that the motions should be denied without prejudice to renewal following Judge Siragusa's resolution of defendants' summary judgment motion on the ground that many of the claims may be narrowed or dismissed. (Docket ## 120, 130). Defendants have not formally moved to stay discovery during the pendency of the summary judgment motion.

Absent unusual circumstances, I would be inclined to grant a motion to compel discovery on the operative claims in an action where a summary judgment motion was pending but the defendant had not moved for a stay pending its resolution. Customarily, pretrial proceedings, including discovery, are governed by a scheduling order which provides a deadline for completing fact discovery, and a summary judgment motion filed before the close of the discovery period does not automatically stay discovery. In this case, however, no scheduling order has yet been entered. Since the case was commenced, the bulk of the pretrial proceedings have addressed motions to dismiss, motions to amend and motions for injunctive relief.

Further, a review of Mitchell's discovery requests reveals that many, if not all, are overly-broad and burdensome and seek records and information covering nearly fifteen years.

(*See* Docket ## 86-88).  For example, one interrogatory asks, "State the purpose, compositions, responsibilities, and organization of each division or subdivision of DOCS.  Produce any relevant documents related to this interrogatory."  (Docket # 86 at 7).  Another asks, "State the purpose, composition, responsibilities, and organization of Special Operations at DOCS; state the duties, titles, full names, and length of employment of each member of special operations of DOCS.  Produce any relevant documents related to this interrogatory."  (*Id*. at 6).  Another asks, "State the duties, titles, full names, and length of employment of any employee of DOCS who may need to be a party to this matter."  (Docket # 88 at 2).  Finally, yet another asks, "State the duties, titles, full names, and length of employment of any employee of DOCS who has been accused of any/or reprimanded or disciplined for abusing, harassing, mistreating, or physically assaulting any inmate.  Produce any relevant documents related to this interrogatory, including but not limited to performance evaluations, disciplinary reports, etc."  (*Id*. at 3).

Notably, the requests also seek records covering all DOCS's prison facilities for the past nearly fifteen years.  For example, one request directs: "State the statistical breakdown of the grievances filed by inmates since January 8, 1998, i.e. state the types of grievances and dispositions, and state the profiles of the inmates who filed them (e.g. age, length of incarceration, ethnicity, facility house, etc.); state what statistics DOCS keeps on such matters.  Produce any relevant documents related to this."  (Docket # 86 at 8).  Another instructs, "State the statistical breakdown any number of misbehavior reports filed by staff against inmates since January 8, 1998, i.e. state the types of charges and dispositions, and state the profiles of the inmates who filed them (e.g. age, length of incarceration, ethnicity, facility housed, etc.); state what statistics DOCS keeps on such matters.  Produce any relevant documents related to this

interrogatory." (*Id*. at 9). Another demands, "State the number of state or federal civil actions DOCS or its agents, employees, etc. have been named in [s]ince January 8, 1998, which raise claims similar to those alleged in the proposed Second Amendment Complaint filed by the plaintiff Dontie S. Mitchell; state the types of such civil actions, specifically the claims raised therein; state the names of all parties in such civil actions; state which of these civil actions DOCS has lost, won, or settled; state the total amount of money DOCS has paid due to losing or settling such civil actions. Produce any and all relevant documents related to this interrogatory." (*Id*. at 14). Finally, another demands production of "[a]ny and all indexes of the documents and their categories maintained by the defendants and their agents." (Docket # 87 at 2). The overwhelming majority of Mitchell's requests are similarly broad.

As for Mitchell's request to conduct depositions, he has indicated that he wishes to depose four defendants (Fischer, Griffin, Sticht and LaPelt) named in his second amended complaint (who evidently have not yet been served,) but he has not articulated the matters about which he wishes to depose them. (Docket # 124). He does assert, however, that the depositions will be useful to him to prove his claims and "move for class certification."[1] (*Id*. at ¶ 9). He further indicates that he wishes to depose other inmates regarding "systemic abuse and mistreatment of prisoners." (*Id*. at ¶ 10).

Although Mitchell is correct that defendants' belated responses to his discovery requests may operate to waive any objections to the requests, "the Court still has considerable discretion to evaluate the practical realities of discovery, balancing the importance of the information against the burdens of production to decide whether fairness does or does not require

---

[1] Mitchell's previous motions for class certification have been denied. (Docket ## 12, 40).

production, and if so, on what terms." *Jones v. Goord*, 2002 WL 1007614, *6 (S.D.N.Y. 2002).

Considering the remarkable scope of Mitchell's claims and the substantive and temporal breadth of the requested discovery, as well as the fact that this case has not been certified as a class action, this is the unusual case in which discovery should await resolution of the pending dispositive motion – which seeks dismissal of all pending claims – in order to determine whether and to what extent Mitchell's claims will be dismissed or narrowed.  Thus, I deny Mitchell's motions (Docket ## 109, 124) without prejudice to renewal following Judge Siragusa's decision on defendants' summary judgment motion.[2]  Defense counsel is directed to contact this Court within ten days of Judge Siragusa's decision to schedule a status conference.

**Appointment of Counsel**

It is well-settled that there is no constitutional right to appointed counsel in civil cases.  Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion.  *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984).  The factors to be considered in deciding whether or not to assign counsel include the following:

    1.    Whether the indigent's claims seem likely to be of substance;

    2.    Whether the indigent is able to investigate the crucial facts concerning his claim;

---

[2] To the extent Mitchell argues that he has requested that defendants' summary judgment motion be held in abeyance to permit him time to take "preliminary discovery," no such motion has been formally filed and no such order has been entered.  (*See* Docket ## 125, 126).

    3.    Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

    4.    Whether the legal issues involved are complex; and

    5.    Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

As a threshold matter, the Court notes that Mitchell has been given leave to proceed *in forma pauperis*. (Docket # 8). The Court is unable to ascertain, however, at this stage of the litigation, whether his claims likely have merit. In any event, Mitchell has failed to demonstrate that his case is complex or that he will be unable to adequately litigate his claims without assistance of counsel. Rather, Mitchell's submissions to this Court, in this and other

litigation, demonstrate his ability to both investigate the crucial facts of this matter and litigate the issues. In addition, the Court also notes that there is a limited number of local attorneys available to handle cases on a *pro bono* basis. *Cooper*, 877 F.2d at 172 ("every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause"). Based on this review, plaintiff's motion for appointment of counsel (Docket # 124) is denied without prejudice at this time. It is plaintiff's responsibility, therefore, to retain an attorney or press forward with this action *pro se*.

## CONCLUSION

For the reasons discussed above, Mitchell's motions to compel, for leave to conduct depositions and for the appointment of counsel **(Docket ## 109, 124) are DENIED without prejudice to renewal**.

**IT IS SO ORDERED.**

*s/Marian W. Payson*<br>
MARIAN W. PAYSON<br>
United States Magistrate Judge

Dated: Rochester, New York
      September 5, 2012