UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DONTIE MITCHELL,

                          Plaintiff,

      -v-                                      DECISION AND ORDER

NEW YORK STATE DEPARTMENT OF
CORRECTIONAL SERVICES, et al.,

                                       06-CV-6278 CJS

                       Defendants.
_____

Now before the Court is Plaintiff's motion for a preliminary injunction (Docket No. [#140]), requiring the New York State Department of Corrections and Community Supervision ("DOCCS") to transfer him from Attica Correctional Facility ("Attica") to another correctional facility, or in the alternative, requiring officials at Attica to correct the "systemic abuse" of prisoners there. The application is denied.

## BACKGROUND

The reader is presumed to be familiar with the facts of this case as described in prior Decisions and Orders. *See, e.g.*, Decision and Order (Docket No. [#100]). Plaintiff is an inmate in DOCCS' custody who is currently housed at Attica. One of Plaintiff's contentions in the underlying action is that DOCCS' Inmate Grievance Program is unconstitutional. Plaintiff maintains that the Inmate Grievance Program is dysfunctional and results in the violation of inmates' constitutional rights. Specifically, he states that inmates who file grievances, including himself, are routinely retaliated against and pressured by staff to drop their grievances. He indicates that grievances against staff members are not properly investigated, and that Inmate Grievance Program Supervisors have refused to file his grievances. Overall, Plaintiff indicates that inmates faced with staff misconduct must either

accept it or face retaliation if they file a grievance. Such retaliation allegedly often involves physical abuse, harassment, and the filing of false misbehavior reports.

On September 13, 2012, Plaintiff filed the subject application, in which he asks to be transferred out of Attica to another facility. Plaintiff's brief statement in support of the application is as follows:

> I respectfully request also a preliminary injunction and temporary restraining order either transferring me out of Attica or compelling the Defendants to take decisive action to correct the systemic abuse and mistreatment of prisoners here at Attica. Prisoners here are routinely assaulted and routinely harassed and retaliated against for filing grievances. Prisoners here are warned not to write grievances, especially against officers.

Docket No. [#140] at p. 4.

## DISCUSSION

The standard to be applied when considering an application for preliminary injunctive relief is well settled:

> A party seeking a preliminary injunction ordinarily must show: (1) a likelihood of irreparable harm in the absence of the injunction; and (2) either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation, with a balance of hardships tipping decidedly in the movant's favor. When the movant seeks a 'mandatory' injunction-that is, as in this case, an injunction that will alter rather than maintain the status quo-[he] must meet the more rigorous standard of demonstrating a 'clear' or 'substantial' likelihood of success on the merits.

*Doninger v. Niehoff*, 527 F.3d 41, 47 (2d Cir. 2008) (citations omitted). A district court may deny a motion for preliminary injunctive relief without a hearing, and its decision to do so is reviewed for an abuse of discretion. *Wall v. Construction & Gen. Laborer's Union*, No. 036091, 80 Fed.Appx. 714, 2003 WL 22717669 at *1 (2d Cir. Nov. 17, 2003). Violation of a constitutional right is considered "irreparable harm." *Jolly v. Coughlin*, 76 F.3d 468, 482

2

(2d Cir.1996) ("The district court ... properly relied on the presumption of irreparable injury that flows from a violation of constitutional rights."); *see also, Charette v. Town of Oyster Bay*, 159 F.3d 749, 755 (2d Cir.1998) ("In the context of a motion for a preliminary injunction, violations of First Amendment rights are commonly considered irreparable injuries.") (citation and internal quotation marks omitted). Moreover, "[t]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *Candelaria v. Baker*, No. 00-CV-0912E(SR), 2006 WL 618576 at *3 (W.D.N.Y. Mar. 10, 2006) (citation omitted); *accord, Taylor v. Rowland*, No. 3:02CV229(DJS)(TPS), 2004 WL 231453 at *2-3 (D.Conn. Feb. 2, 2004).

### Transfer to another correctional facility

Plaintiff's request for an injunction requiring DOCCS to transfer him is denied. Prison inmates have no right to choose where they are housed. On this point,

> [there is] Supreme Court precedent holding that prisoners cannot dictate the particular institution within a penal system to which they are confined. In *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983), the Court ruled that "an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State." *Id*. at 245, 103 S.Ct. 1741. Rather, "[c]onfinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose." *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976) (emphasis added); *accord McKune v. Lile*, 536 U.S. 24, 39, 122 S.Ct. 2017, 153 L.Ed.2d 47 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise.").

*Lewis v. Rawson*, 564 F.3d 569, 578 (2d Cir. 2009); *see also, Hooks v. Howard*, No. 9:07-CV-0724 (TJM)(RFT), 2008 WL 2705371 at *1 (N.D.N.Y. Jul. 3, 2008) ("Insofar as

plaintiff seeks a transfer to a different correctional facility, his motion must be denied. It is settled in this Circuit that an inmate does not a have a right to be confined to the prison of his own choosing."). Furthermore, it is difficult to see how a transfer would benefit Plaintiff, since he maintains that it is a common occurrence at all DOCCS facilities for inmates to suffer retaliation for filing grievances.

*Request for order directing officials at Attica to correct the "systemic abuse of prisoners"*

Plaintiff alternatively asks the Court to "compel[ ] the defendants to take decisive action to correct the systemic abuse and mistreatment of prisoners . . . at Attica." Specifically, he asks the Court to enjoin employees at Attica from retaliating against prisoners who file grievances. This application is also denied. Plaintiff's allegations on this point are very broad and very vague, and are not supported by specific evidence. The Court therefore finds that Plaintiff has not made the required showing to obtain preliminary injunctive relief. *See, e.g., Allen v. Pataki*, No. 96–CV–0272 (RSP/DS), 1996 WL 743835 at *1 (N.D.N.Y. Dec. 20, 1996) ("Given the wide-ranging and conclusory nature of plaintiffs' allegations, which challenge the entire system of public housing and public assistance as well as the state prison system, it is more than unlikely that plaintiffs ever could produce evidence sufficient to support the extraordinary remedy of injunctive relief.").

Obviously, it is illegal for prison staff for retaliate against inmates for exercising First Amendment rights. An inmate who has experienced specific retaliation should utilize his administrative and judicial remedies. However, Plaintiff has not shown that he is entitled to the broad injunctive relief that he seeks against the entire staff of Attica. In a similar case, the Court stated:

> [P]laintiff has asked for an injunction directing officials at Southport to reassign Ayers, McKeon, and Cece, to keep them away from him. On the other hand, plaintiff contends that such a reassignment alone would have no effect, because the conspiracy to retaliate against him and other inmates who file lawsuits at Southport is all-encompassing. Accordingly . . . he actually wants the Court to direct all officials and staff at Southport to obey the law and stop harassing him. Plaintiff's application must be denied for several reasons. First, such a broad injunction would be inappropriate. *S.C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232, 240 (2d Cir.2001) ("[U]nder Rule 65(d), an injunction must be more specific than a simple command that the defendant obey the law."). . . . Additionally, even assuming that plaintiff had shown irreparable harm . . . he has not shown that he is likely to succeed on his underlying claims or that the questions he raises are sufficiently serious with the balance of hardships tipping in his favor.

*Applewhite v. McGinnis*, No. 04-CV-6602-CJS-MWP, 2007 WL 1026427 at *2 (W.D.N.Y. Apr. 2, 2007). For the same reasons, Plaintiff's request in this action is denied.

## CONCLUSION

Plaintiff's application for injunctive relief [#140] is denied.

SO ORDERED.

Dated:  October 19, 2012
        Rochester, New York

                                                      /s/ Charles J. Siragusa
                                                      CHARLES J. SIRAGUSA
                                                      United States District Judge